McAnge *et al. v.* Falls.*

(Division B.  Jan. 17, 1927.)

[110 So. 840.  No. 26126.]

Bills and Notes.  *Purchaser's knowledge that stock for which note was executed was valueless at time of purchase held no defense (Negotiable Instruments Act sections* 56, 58 [*Hemingway's Code, sections* 2634, 2636]).

Knowledge of purchaser of note for value that stock for which note was executed was worthless at time of purchase *held* not to constitute a defense under the Negotiable Instruments Act, sections 56, 58 (Hemingway's Code, sections 2634, 2636), where evidence showed that stock had a value at time note was executed.

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 511, n. 90.

Appeal from circuit court of Alcorn county.

Hon. C. P. Long, Judge.

Action by J. S. Falls against W. K. McAnge and another.  Judgment for plaintiff, and defendants appeal.  Affirmed.

*W. C. Sweat,* for appellants.

The court committed error in granting a peremptory instruction for the plaintiff.  It was a question for the jury to determine whether or not the plaintiff, Falls, was a holder in due course and for a valuable consideraation, and was not a question of law for the court.  Section 2630, Hemingway's Code, sets out who shall be con-

sidered a holder in due course. See, also, section 2637, Hemingway's Code, and section 2633.

Under the facts, the title of the man who negotiated this note was defective. The note was given for worthless stock, and was, therefore, without consideration; and, having been procured by the sale of worthless stock, the note was procured by fraud.

The fact that this note was given for worthless stock, which Mr. Falls must have known was practically worthless, or have had sufficient knowledge thereof to lead him to believe that it was practically worthless, was sufficient to put him upon inquiry and to give him notice that the title of the man who took the note was probably defective. It was, therefore, a question for the jury to determine whether or not Falls was a holder in due course for value.

*Thomas H. Johnston,* for appellee.

The note sued on is a Mississippi contract and being a negotiable instrument is governed by the Negotiable Instrument Act, chapter 244, Laws of 1916; section 2579 et seq., Hemingway's Code. Appellants have abandoned all defenses except that of failures or want of consideration, that the stock for which the note was given was worthless, and that appellee knew this and, therefore, was not a holder in due course.

In the first place, the record does not disclose any evidence or show that the appellee knew that the note he acquired, at the time it was transferred to him, was given for Triple Mountain Copper Company stock. Appellee testified positively that he did not know that this note was given for this stock when it was negotiated to him, and this is the only evidence on this point.

But if appellee had known at the time the note was sold to him that it was given for this copper mining stock, there is no proof whatever to show that at the time this note was executed the stock was absolutely

worthless. Again, if appellants had shown by the evidence that the stock was worthless at the time the note was executed, this would not avail them as a defense against appellee, if appellee was a holder in due course. Section 2606, Hemingway's Code.

Was the appellee a holder in due course? *Prima facie* he was. Section 2637, Hemingway's Code. Who is a holder in due course? Section 2630, Hemingway's Code defines such. What constitutes notice of an infirmity is fully set out in section 2634, Hemingway's Code.

Appellee was a holder in due course, and there was no evidence to go to the jury on the issue raised, and the court very properly instructed the jury peremptorily to find for plaintiff.

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action against appellants in the circuit court of Alcorn county, on a promissory note for one thousand dollars, with interest, and attorney's fee provided in the note, and recovered a judgment for the amount sued for. At the conclusion of the evidence the court directed a verdict and judgment for the appellee. From that judgment appellants prosecute this appeal.

The note sued on is for one thousand dollars, payable to the order of W. C. Lacy at the First National Bank of Corinth, in this state. It bears interest at the rate of six per cent. per annum from date until paid, and provides for the payment by the makers of reasonable attorney's fee if the note is not paid at maturity and placed in the hands of an attorney for collection. The note is negotiable in form, and was signed by appellants, McAnge and Galtney, and also by C. A. Oliver, not sued. The consideration for the execution of the note was stock in the Triple Mountain Copper Company, purchased by the makers of the note from W. C. Lacy, to the order of whom the note was made payable. Appellants defended on the ground that the consideration of the note was

worthless. While appellee based his right to recovery upon the ground that it was a negotiable instrument, and that he was the purchaser thereof before maturity for value without notice of any defect in the title to the note; in other words, a holder in due course. The evidence on behalf of appellee, if true, established the following facts: That appellee purchased the note before its maturity from one P. V. Channel, that he paid Channel value therefor (one thousand dollars less the usual discount), the name W. C. Lacy, to the order of whom the note was payable, being indorsed on the back thereof, and that, when appellee purchased the note, he had no notice of any defect in the title thereto. These facts were testified to by appellee as a witness in his own behalf. Appellee, on cross-examination, admitted that, when he purchased the note from Channel he knew that the consideration for which the note was given was stock in the Triple Mountain Copper Company, and that the stock at the time of the trial was worthless. But he denied that he knew the stock was worthless when he purchased the note from Channel or when the note was executed. The only other witness who testified was C. A. Oliver, one of the makers of the note, who was introduced as a witness on behalf of appellants. Oliver's testimony, taken most strongly for appellants, tended to show that appellee had made statements to the witness that appellee knew that the copper stock for which the note was given was worthless at the time appellee purchased the note from Channel. There was no testimony which fairly tended to show that, when appellee purchased the note from Channel, he knew that the copper stock was worthless when the note was executed. Appellee testified further, and his testimony to that effect was not disputed, that he purchased notes given in payment for this copper company's stock both before and after he purchased the note here involved, paying a valuable consideration for such notes.

Appellants contend that, if the copper stock was worthless when appellee purchased the note from Channel and appellee knew that to be a fact at the time he purchased the note, those facts constitute a defense to the note under sections 56 and 58 of the Negotiable Instruments Act (sections 2634 and 2636, Hemingway's Code). We do not so construe the Negotiable Instruments Act. The evidence shows without conflict that the copper stock had a value when the note was executed. The fact that it had no value when appellee purchased the note in question and that appellee was cognizant of that fact, is no defense to the note. It would be no defense as between the original parties. Lacy, the seller of the stock, to whose order the note was made payable, did not warrant either expressly or impliedly that the stock would continue valuable. The only warranty made by Lacy was that the stock had a value when the note was executed. We think, therefore, that the fact, if it be a fact, that when appellee purchased the note he knew that the consideration had become valueless, is wholly immaterial. It follows from these views that there was no issue for the jury, and the trial court committed no error in directing a verdict for the appellee.

*Affirmed.*